Filed 9/30/20  P. v. Bates CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074006 |
| v. | (Super.Ct.No. FWV17003723) |
| JOSEPH BATES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, Lynne G. McGinnis and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant and defendant Joseph Bates was charged with first degree murder but pled no contest to voluntary manslaughter. He filed a petition under Penal Code[1] section 1170.95 to vacate that conviction. The trial court denied the petition, concluding that defendant was ineligible for relief under section 1170.95 because he was not convicted of murder. Defendant appeals from the trial court's order and contends: (1) the court erred when it found him ineligible for resentencing because he pled no contest to voluntary manslaughter; and (2) denying resentencing to those convicted of manslaughter violates equal protection. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2017, defendant was charged by information with murder (§ 187, subd. (a), count 1), being a felon in possession of a firearm (§ 29800, subd. (a)(1), count 2), and street terrorism (§ 186.22, subd. (a), count 3). The information also alleged that he committed counts 1 and 2 for the benefit of a criminal street gang (§ 186.22, subd. (b)) and that he had one prior serious felony conviction (§ 667, subd. (a)(1)), one prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and that he served three prior prison terms (§ 667.5, subd. (b)). The information was amended to add a charge of voluntary manslaughter (§ 192, subd. (a), count 4) with allegations that he personally used a firearm (§ 12022.5, subd. (a)) and committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). Defendant pled no contest to count 4

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

and admitted the firearm and gang enhancements, as well as the prior strike conviction. In exchange, he was sentenced to a total term of 10 years in state prison, and the remaining counts and allegations were dismissed.

In 2019, following the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which added section 1170.95 to the Penal Code, defendant petitioned for resentencing. The trial court denied the petition, finding him ineligible for relief because he was not convicted of murder.

DISCUSSION

Defendant contends the trial court erred when it found him ineligible for section 1170.95 resentencing. We disagree.

A. *Section 1170.95 Does Not Apply to Voluntary Manslaughter*

Section 1170.95, subdivision (a), provides that "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." As this court recently explained, "[b]y its plain language, section 1170.95 thus makes resentencing relief available only to qualifying persons convicted of murder." (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 918 (*Sanchez*).)

Other courts have interpreted the language of section 1170.95 the same way. (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) ["The plain language of the statute is explicit; its scope is limited to murder convictions."]; *People v. Flores* (2020) 44 Cal.App.5th 985, 993 (*Flores*) ["Through its repeated and exclusive references

3

to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder."]; *People v. Turner* (2020) 45 Cal.App.5th 428, 435-436 (*Turner*) ["Relying on the clear language of the statute, courts including ours have concluded that section 1170.95 is unambiguous and does not provide relief to persons convicted of manslaughter."].) These decisions all conclude that the statutory scheme unequivocally applies only to murder convictions. (See *Turner*, at p. 436.)

Defendant asserts that section 1170.95 states one requirement for relief is that "[t]he petitioner was convicted of first degree or second degree murder following a trial *or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder*." (§ 1170.95, subd. (a)(2), italics added.) He argues that the inclusion of subdivision (a)(2) creates "a contextual ambiguity that indicates the statute should be read as applying to plea agreements for other crimes entered into in lieu of a murder conviction." He contends that we must resolve the supposed ambiguity in his favor to avoid rendering the italicized language surplusage. We rejected the same argument in *Sanchez*, finding it "unpersuasive because it 'ignores the introductory language in section 1170.95, subdivision (a) that limits petitions to persons "convicted of . . . *murder*." ' " (*Sanchez*, *supra*, 48 Cal.App.5th at p. 919; see *Turner*, *supra*, 45 Cal.App.5th at 436.)[2]

---

[2] We note defendant also claims, for the first time in his reply brief, that the rule of lenity requires the alleged ambiguity to be read to include manslaughter pleas. "Withholding a point until the reply brief deprives the respondent of an opportunity to answer it, however. Hence, a point raised for the first time therein is deemed waived and will not be considered, unless good reason is shown for failure to present it before." (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.) No good cause is shown here.

4

Defendant further claims that our interpretation produces an absurd result by allowing more culpable individuals to seek relief under section 1170.95. As in *Sanchez*, we agree with the other courts that have rejected the same argument. (*Sanchez*, *supra*, 48 Cal.App.5th at pp. 919-920; *Cervantes*, *supra*, 44 Cal.App.5th at p. 887; *Flores*, *supra*, 44 Cal.App.5th at pp. 996-997; *Turner*, *supra*, 45 Cal.App.5th at pp. 438-439.)

B. *Equal Protection*

Defendant contends that interpreting section 1170.95 as including pleas to manslaughter "avoids a construction that would violate the guarantee of equal protection." We rejected this contention in *Sanchez*, and for the same reasons, do so again here. (See *Sanchez*, *supra*, 48 Cal.App.5th at pp. 920-921.) Excluding those convicted of manslaughter from section 1170.95 does not violate equal protection. (*Ibid*.; see *Cervantes*, *supra*, 44 Cal.App.5th at p. 888 ["The decision not to include manslaughter in section 1170.95 [fell squarely] within the Legislature's 'line-drawing' authority as a rational choice that [was] not constitutionally prohibited."].)

DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

J.

We concur:

RAMIREZ _____

        P. J.

McKINSTER _____

        J.

5